UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOJO EXPRESS,

        Plaintiff,                         Case No.19-cv-12970
                                                    Hon. Matthew F. Leitman

v.

UNITED STATES OF AMERICA *et al.*,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION TO STAY THE WITHDRAWAL OF AUTHORIZATION FROM PARTICIPATION IN THE SUPPLEMENTAL NUTRITION ASSISTANCE PROGRAM (ECF NO. 5)**

**I**

Plaintiff Mojo Express claims that it is a "market that primarily sells seafood and poultry." (Maha Jaber Affidavit at ¶4, ECF No. 5-1, PageID.61.) It is located in Detroit, Michigan. (*See id.*) In 2010, Mojo Express received authorization to participate in the federal Supplemental Nutrition Assistance Program ("SNAP"). (*See id.* at ¶6, PageID.61.)

"SNAP is a program administered by the United States Department of Agriculture that provides assistance to low-income individuals and households in the form of subsidies for food-purchase expenses. SNAP benefits may be exchanged

1

for qualifying goods at SNAP-authorized retailers." *Jefferson Village Enters. v. United States*, 2011 WL 740896, at *1 (E.D. Mich. Feb. 24, 2011.)

SNAP provides access to "staple foods." 7 C.F.R. § 278.1(b)(1)(iv). Staple foods are defined as "food items intended for home preparation and consumption in each of the following four categories: Meat, poultry, or fish; bread or cereals; vegetables or fruits; and dairy products." 7 C.F.R. § 271.2. "Hot foods are not eligible for purchase with SNAP benefits and, therefore, do not qualify as staple foods." *Id.*

The Secretary of Agriculture is authorized "to issue regulations governing the approval and reauthorization of retail food stores to participate in SNAP." *Morgan v. Regan*, 46 F. Supp. 3d 52, 54 (D.D.C. 2014). Under these regulations, an establishment is eligible to participate in SNAP if "more than 50 percent of the total gross retail sales of the establishment" are staple foods. 7 C.F.R. § 278.1(b)(1)(i)(A). An establishment is not eligible to participate in SNAP if "more than 50 percent of their total gross sales [are comprised of] foods cooked or heated on-site by the retailer before or after purchase; and hot and/or cold prepared foods not intended for home preparation or consumption, including prepared foods that are consumed on the premises or sold for carryout." 7 C.F.R. § 278.1(b)(1)(iv).

## II

On November 8, 2018, Mojo Express applied for reauthorization as a SNAP-eligible retailer. (*See* Jaber Aff. at ¶6, ECF No. 5-1, PageID.61.) The USDA denied reauthorization. It concluded that Mojo Express was not eligible to participate in SNAP because, "following [a] review of [Mojo Express'] application, [an] on-site review, and [a review of] the documentation submitted by Mojo Express," the USDA determined that "more than 50% of [Mojo Express'] gross retail sales were from heated or prepared foods." (Michael Pace Declaration at ¶13, ECF No. 8-2, PageID.188-189.) The USDA further concluded that Mojo Express was ineligible because it was "more likely than not that Mojo Express' gross retail sales of staple foods was less than 50%." (*Id.* at ¶17, PageID.189-190.)

Based on the USDA's findings, it decided to withdraw Mojo Express' authorization to participate in SNAP as of the close of business on October 18, 2019. (*See id.* at ¶18, PageID.190.) Under the governing regulations, once Mojo Express' authorization is withdrawn, it is prohibited from "reapplying for authorization for six months from the date of withdrawal." (*Id.*)

## III

Mojo Express filed this action challenging the USDA's decision on October 10, 2019. (*See* Compl., ECF No. 1.) On October 11, 2019, Mojo Express filed an emergency motion for a stay of the scheduled October 18, 2019, withdrawal of its

3

authorization to participate in SNAP. (*See* Mot., ECF No. 5.) Defendants responded to the motion on October 17, 2019 (*see* Resp., ECF No. 8), and the Court held a hearing on the motion on October 18, 2019.

## IV

Pursuant to 7 U.S.C. § 2023(a)(17), "[d]uring the pendency of ... judicial review, or any appeal therefrom, the administrative action under review shall be and remain in full force and effect, unless on application to the court on not less than ten days' notice, and after hearing thereon and a consideration by the court of the applicant's likelihood of prevailing on the merits and of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal." The Court therefore considers two factors when reviewing Mojo Express' motion for an emergency stay: (1) Mojo Express' likelihood of success on the merits and (2) the risk of irreparable harm to Mojo Express. *See id.*

## V

When the Court considers the relevant factors here, it concludes that a very limited stay of the USDA's withdrawal of Mojo Express' authorization to participate in SNAP is appropriate.

Mojo Express has made at least some showing that it will succeed on the merits. Mojo Express attached to its emergency motion the affidavit of Maha Jaber, its President and owner. (*See* Jaber Aff. at ¶3, ECF No. 5-1, PageID.61.) In that

4

affidavit, Jaber averred under oath that "Mojo Express['] percentage of sales in staple foods for 2017 was 69%; 2018 was 56% and for 2019 sales [of staple foods] through June 30, 2019 [] were 56%." (*Id.* at ¶10, PageID.62.)  If true, and if those foods were not heated on the premises,[1] that would at least be some evidence that Mojo Express is a SNAP-eligible retailer because more than 50-percent of its total gross sales are comprised of staple foods.

Mojo Express has also made a showing of irreparable harm. "The majority of district courts addressing this issue have concluded that a loss of at least thirty percent of a plaintiff's business can constitute irreparable harm." *Phany Poeng v. United States*, 167 F. Supp. 2d 1136, 1143 (S.D. Cal. 2001) (citing cases).  In a supplemental affidavit, Jaber averred under oath that SNAP sales comprised 54-56% of Mojo Express' sales in 2015, 40-42% of sales in 2017, and 38-39% of sales in 2018 and 2019. (Jaber Supp. Aff. at ¶5, ECF No. 10, PageID.217.)  Based on this potential loss of revenue, and the loss of customer goodwill associated with the lost sales and inability to accept SNAP benefits, Mojo Express has made a meaningful showing of irreparable harm.

---

[1] As explained on the record at the October 18, 2019, hearing, when Jaber's affidavit is read in conjunction with the letter of Mojo Express' attorney to the USDA (*see* ECF No. 5-4, PageID.77), it is permissible to infer that the foods identified by Jaber were not heated on the premises.

On balance, and under the totality of the circumstances that exist here, Mojo Express' showing that it may succeed on the merits and its showing of irreparable harm is sufficient for a modest stay. *See*, *e.g.*, *Jefferson Village*, 2011 WL 740896, at *5 (granting stay of withdrawal of participation in SNAP to SNAP retailer under similar circumstances). The Court will therefore grant the stay and set an expedited trial date in this action.

## VI

For all of the reasons stated above, and the reasons stated at the October 18, 2019, hearing, Mojo Express' motion for an emergency stay (ECF No. 5) is **GRANTED**. The USDA shall not withdraw Mojo Express' authorization to participate in SNAP absent further order of this Court.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 18, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 18, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764